Good morning, Your Honor. Good morning, Counsel. Mark Littleman for Mr. Contreras-Bracamonte. Good morning, Your Honors. Andrea Matheson for Mr. Ramon Martinez-Diaz. Your Honor, I apologize, but I've never been in front of this body with two attorneys, so I want to know, what is the Court's preference as far as this is concerned? Well, it's really up to you. You have a total amount of time of 10 minutes. Yes, ma'am. And you may divide that in any way that you wish between each other in terms of your argument in chief and your rebuttal. Thank you, Your Honor. At this point, then, I will start. Your Honor, ultimately, the defendant's goal is to get this matter remanded back to the district court for resentencing. There are four reasons that we gave for this end. One, the Sixth Amendment argument that says that a judge is not allowed to look at evidence to determine sentencing. It either needs to be found by a jury or admitted by a defendant. But we know that isn't true. First of all, are we talking about a guidelines issue or not? Yes, ma'am, we are. We are only talking about a guidelines issue? Yes, ma'am, we are. We're not talking about a sentencing factor question? It was very confused in the brief, so I couldn't figure it out. And I do think one of you has to speak, not both of you. It's too confusing. Yeah. We don't want both of you to speak at the same time. You're going to have to divide your time. Excuse me. One of you takes some minutes and the other takes another. Fair enough, Your Honor. Basically, what had happened here is we're asking here for – it all fits under the rubric of a reasonable sentence. So what we're talking about now, I believe, are below-guideline sentencing ranges. All right. So then you're just wrong because we know under Booker that the judge can make fact-findings because it's – because we have non-mandatory guidelines. Fair enough. Then I'll move on to the next issue. One of the things that's really important, and it's been my pet project, is the third point under 3E1.1. I know this Court has revisited and rehashed that point almost ad nauseum. But one of the issues that I'd like to bring up to the Court in most recently in the decision in Medina-Beltran, the Court made a mention in a reference to Espinoza-Cano. It says that for reasons not rationally related to a legitimate governmental interest. But if we read 3E1.1 in the background, it specifically says, the reduction of offense level provided by this section recognizes a legitimate societal interest. So we have a societal interest versus a governmental interest. I purport to you, Your Honor, that those are separate interests. In this particular situation, because 3E1.1 requires or provides that a defendant merits a reduction, that in itself indicates that the government has a duty. It likens that to 5K, which this Court has considered and the Tenth Circuit has considered to be analogous, and they're not. If we read the background and we read the application of those two statutes, or those two guidelines, I should say, we do not find a similar tone. If you look exactly, I mean, 3E1.1 specifically talks about a defendant acting quickly to prevent the government spending for trial. And we've now expanded that to include appeals.  Kagan, aside from the question of whether there is any reviewability of this at all, and let's put that aside for now, the government's argument is that it doesn't come under the guidelines essentially because, although he did plead guilty, he also they also ended up costing a great deal of time and trouble with regard to the sentencing issues. Yes, Your Honor, but again, what is the purpose of 3.E? Judge Berzon, you wrote in a recent decision, you wrote about how we've got to give legislative intent. It was the Darden decision. And you said that there's a whole point about we need to find out what the legislative intent, because we've got a duty to follow that. I say to you if you read the application notes found in 3E1.1, if you look at the intent and the background, it's completely clear. You know, you're making this argument as if there's no case law interpreting that guideline, which is not so, is there? Yes, Your Honor. What has happened is the substantive cases that have done that, if you said two things, in Espinoza-Cano you said because the defendant took a bench trial, what we don't do is we don't give a chance. He took the trial. Even if it's a bench trial, he put the government to a burden. Agreed. In the recent one, in Medina-Beltran, the court said it's not arbitrary and capricious. I agree. It's not arbitrary and capricious. They do it all the time. The question is whether or not they have the authority under the statute. And I'm saying that the statute simply does not give the government that authority. It talks about a trial. It doesn't talk about appeal. It doesn't talk about fighting this past the sentence. It talks about did he admit to the matter subject to getting punished. And the answer is yes. It's unequivocal. I'll let counsel. If the Court doesn't have anything, I'll let counsel finish. Thank you. The sentence imposed by the district court of 36 months, which is three times the typical backpacker case, was substantively unreasonable. Accordingly, the appellants are requesting their sentence be remanded for resentencing. When you say it's three times the backpacker sentence, there's nothing in the record to back that statement up. Yes, Your Honor. Throughout the record in the sentencing, in the sentencing transcript, you can see that the typical backpacker case in the District of Arizona is offered. I don't see that. All I see is argument. I see no facts. I understand. I understand. The practice of the court in this district is to offer. We don't know that. I mean, you make that assertion, but there's no evidence of that. There's no report or anything or any testimony, nothing to substantiate that. Well, what we have in this case, especially we see this through the change of plea transcript, is that we're looking at backpackers. Okay. Well. But that's the question, isn't it? I mean, the district judge, first of all, it seemed to me that actually at the plea hearing, you or whoever was representing one of the two defendants pretty much conceded or did concede that simply being there with all the stuff and watching it so that it could be transported north was sufficient to demonstrate responsibility for all of the marijuana that was there. Also, there was an evidentiary hearing. I'm sorry? There was also an evidentiary hearing on that point. Well, if you look at the sentencing transcript, you'll see in the evidentiary hearing that the Officer Ortega had contradictory evidence from what was admitted at the change of plea hearing. At the change of plea hearing, it was clear, and I would submit there was not ambiguity, that both Mr. Contreras-Bracamonte and Martinez-Diaz had backpacked the marijuana. Well, they had backpacked it in, but with that in question, what else did they do? Well, and if we look at Palafox-Mason, which is the case, obviously, that we've relied upon very heavily in comparing backpacker cases, in Palafox-Mason there were six backpackers, and they were ultimately caught by authorities when the six of them had rested under a tree and were sleeping. They were all essentially walking together north in their case. Now, each of those were held responsible for the amount of marijuana that they had on their backs. In this case, we actually have even better facts, because we have, obviously, we have what looks like two groups of backpackers, one of maybe six people and then one of some more, because ultimately there were 50 bundles of marijuana that was found at the trailer. They were not being held responsible because they backpacked together. They were being held responsible because they were found in the house watching all this stuff, and at least they were doing that so that it could be transported further, and there were facts as well suggesting that they had unloaded the material into the house. Your Honor, I would submit that the evidence did not show that they were there babysitting. That was babysitting the marijuana. That was the position of the government that was never admitted to by Mr. Martinez-Diaz. But there was a hearing. Wasn't there an evidentiary hearing before the judge? And he went in and he found facts beyond a reasonable doubt, and he didn't need to apply that standard. He could have applied at least a clear and convincing standard, but he applied it beyond a reasonable doubt standard. When we look at the reasonableness of the sentence, however, and we look at this and essentially the judge found that there was an appropriate minor role departure which brought the sentence down to 41 to 51 months. And then considering all the 3553 factors only did a variance of five months, and what defense counsel suggested to the court, which I think is definitely more within the realm of a sufficient but not greater than necessary sentence, is that in that case the court should have, if anything, given a little bit more responsibility to a person who is responsible for backpacking instead of the other person. So they didn't have a guideline sentence and only varying five months. What essentially we were requesting as defense counsel was a slight upward departure for the fact that they stayed behind with the marijuana. They didn't ‑‑ there was no evidence that they babysat it whatsoever. There was evidence that they stayed behind because the guide told them to wait at the trailer. There was no instructions whatsoever. Sotomayor, when you're saying there was no evidence, but I thought there was a confession. There was evidence. You're disputing ‑‑ you're saying they didn't admit to it in the plea, but there was evidence. The evidence, if you'll read the transcript from the sentencing transcript very carefully, the evidence was ‑‑ that was presented was very convoluted and conflicting from the agent himself. And you had an opportunity to argue that in court. Yes, Your Honor. Thank you. You've used your time. Good morning. May it please the Court, I'm Karen Drie. I'm here to argue the government's position in this case. Let me start by saying this is not a backpacker case. I mean, I think that's the assumption that counsel for the defendants start with, and that's clearly not the government's position. This is a case of people who backpacked and then undertook additional responsibilities with respect to the additional marijuana. And that is the basis for the sentence. The trial court or the district court did specifically make that finding. The focus needs to be on what else they did. Is that essentially the issue that was disputed in the evidence or in the hearing? Whether this was a backpack plus? That essentially was the issue. And the argument below by defense counsel was essentially that they should be given something closer to the 13 month and a day, which I would point out is given to defendants who waived their appeals and who are mere backpackers, which is not what we had here. And I would submit that based on the record, there are two ways to reach the conclusion that the district court reached. One is without even considering that additional sentencing evidence, based on the change of plea record alone, what's undisputed or what was undisputed before the district judge at the time of the sentencing prior to receiving additional evidence, which really closed that deal, I would submit, is that the defendants were found in a trailer with the whole amount. They admitted they had stayed behind with the whole amount when the other regular backpackers returned or left the scene. And through counsel for Martinez-Diaz's admission, they stayed to make sure the marijuana would be picked up by somebody. The court noted then at the sentencing that based on what it had before it, which included a summary by counsel for Mr. Contreras, that the defendants stayed and watched over the 654 kilos until somebody picked it up, that that would be enough for a finding for involvement with the entire quantity and not a lesser amount. So in any event, because there were objections filed, the district court received additional evidence. That was really the basis for the other objection by counsel below, was that the court should be somehow limited only to the change of plea transcript and nothing else, which, of course, is not supported by Thomas or Benuelos. So based on the additional evidence then that was presented at the sentencing, there were the confessions of both defendants. But was Benuelos not about a guidelines issue? I found these cases very confusing. I mean, as I understand it, for guidelines purposes, you don't need to have beyond a reasonable doubt. I'm sorry. I'm sorry. No, that is our understanding as well, that from a guidelines perspective in this case, let's say, that the judge had only made the finding by a preponderance of the evidence standard because the sentence did not exceed the maximum for a 60-month quantity for an undetermined Benuelos said that was the problem, right? Yes, it was. So Benuelos is relevant. Well, I think, you know, to the extent that we want to not even have an argument that there was an apprendi Benuelos is instructive because if you're setting the statutory maximum, then there does need to be the finding beyond a reasonable doubt by the trial judge. However ñ That doesn't make a lot of sense to me either, frankly, because if you were doing that, I don't know why you don't have to have a jury. Well ñ You either waive them both or you waive neither. So that's all very confusing. And all I'm trying to establish now is that none of that is our problem here. None of that is our problem here, Your Honor. And the court here made the finding beyond a reasonable doubt, pursuant to Benuelos to set the statutory maximum, but you're right it's a non-issue. You're right because it didn't go there. It could have been made by preponderance of evidence. It would have been legally correct. Now, as for the waiver issue, the reason the trial court would make or the district judge would make that finding is because there was a waiver at the change of plea. Once the right to a jury is waived, after the defendants are told ñ Right, okay. After the defendants are told they have the right or that the government has the duty to prove that quantity beyond a reasonable doubt, once the waiver happens, it becomes the duty of the trial judge or the district judge to make that finding beyond a reasonable doubt, to set the statutory maximum, or to use preponderance for setting it under the guidelines. I agree it is confusing. Actually, in this instance, it probably would have had to be clear and convincing because of the amount of differential, but that doesn't matter either. We certainly have a higher standard here. So the disparate sentencing argument the government would also contend is really a nonissue because the disparate sentencing argument only really applies if you're starting with the premise that these defendants were ordinary backpackers, which they were not. They were not sentenced disparately to other backpackers plus backpackers with responsibility for an entire 658-kilogram load. In fact, they received a below-guideline sentence, which was more than reasonable. The Court's statement of reasons in the record makes it clear that there were 3553 considerations, and that is why the Court varied to a lower-than-guideline sentence. Finally, with respect to the third point, I think that Mr. Williman did acknowledge it's been hashed and rehashed, and the Court knows there is precedent on it. The government's position is that Medina Beltran is binding. Medina Beltran is on all fours with this case where the defendant pled guilty, litigated a sentencing issue, and then litigated an appeal, and that's exactly what we have here. So there was nothing arbitrary about denying that third point. That was the finding of the district judge, and we ask the Court to affirm the sentences. Thank you. If the Court has no other questions, I'll sit down early. No. I don't think there would appear to be any. Are there any questions of the appellant? No. Thank you. The basis of the argument is submitted. And we'll hear the next case, which is Cobb v. Kernan.
judges: Schroeder, Tashima, Berzon